STEPP v DEPARTMENT OF NATURAL RESOURCES

Docket No. 80458. Submitted February 12, 1986, at Detroit. Decided February 18, 1987. Leave to appeal applied for.

Beaulah D. Stepp originated a negligence action in the Court of Claims against the Michigan Department of Natural Resources for damages for injuries sustained in a fall at the State Fair Coliseum at the State Fair Grounds. The action was transferred by stipulation and order of the Court of Claims to Wayne Circuit Court. A trial commenced with the circuit court sitting as a court of claims. A judgment of no cause of action was thereafter entered in favor of the defendant by the trial court, Roland L. Olzark, J. Plaintiff appeals, alleging that error occurred when the trial court allowed the defendant to produce five expert witnesses who were not listed by name on defendant's witness list.

The Court of Appeals *held:*

1. Practice and procedure in the Court of Claims shall be in accordance with the rules prescribing the practice and procedure in the circuit courts of this state, including both the General Court Rules and the local court rules of the particular circuit.

2. The defendant did not comply with the applicable court rules where it generally described the witnesses by category, instead of naming the witnesses specifically.

3. The trial court abused its discretion in allowing the witnesses to testify.

Reversed.

M. J. KELLY, P.J., concurred in the result only.

1. COURTS — COURT OF CLAIMS — PRACTICE AND PROCEDURE — COURT RULES.

Both the General Court Rules and the rules of the particular

REFERENCES

Am Jur 2d, Pretrial Conference and Procedure §§ 20, 21.

Am Jur 2d, Trial §§ 124 *et seq.*

Power of court to adopt general rule requiring pretrial conference as distinguished from exercising its discretion in each case separately. 2 ALR2d 1061.

See also the annotations in the Index to Annotations under Preliminary or Pretrial Matters; Witnesses.

circuit prescribe the practice and procedure to be followed in Court of Claims proceedings (Court of Claims Rule 4; MCL 600.6422; MSA 27A.6422).

2. PRETRIAL PROCEDURE — WITNESSES — WITNESS LISTS — COURT RULES.

A party fails to comply with the requirements of the General Court Rule and a Wayne Circuit Court Rule requiring an exchange of a list of witnesses to be called at trial where, when the party is able to give the specific names of his witnesses fairly easily, the party instead gives a general description of his witnesses by category (GCR 1963, 301.10; WCCR 301.3[d]).

3. PRETRIAL PROCEDURE — WITNESSES — WITNESS LISTS — UNDIS-CLOSED WITNESSES — COURT RULES.

A failure to comply with the disclosure requirement of the General Court Rule and a Wayne Circuit Court Rule requiring an exchange of a list of witnesses to be called at trial does not entirely preclude an undisclosed witness from testifying; both rules allow undisclosed witnesses to testify upon a showing of good cause; the matter rests within the discretion of the trial court and the court's determination will be reversed only upon a finding of an abuse of discretion (GCR 1963, 301.10; WCCR 301.3[d]).

*Gottlieb & Goren, P.C.* (by *Charles Gottlieb*), for plaintiff.

*Jacobs & Miller* (by *John A. Klarr*), for defendant.

Before: M. J. KELLY, P.J., and D. F. WALSH and WAHLS, JJ.

WAHLS, J. This is an action in tort, alleging negligence on the part of the State of Michigan in the repair and reconstruction of the State Fair Coliseum, located on the State Fair Grounds in the City of Detroit. The action originated in the Michigan Court of Claims, but was transferred by stipulation and order of the Court of Claims to Wayne Circuit Court. There it was consolidated with other actions arising out of the same occurrence. The

trial commenced in 1984 with the circuit court sitting as a court of claims. The trial court ruled in favor of defendant. Plaintiff appeals as a matter of right regarding the admission of testimony of undisclosed witnesses.

The facts are simple. Plaintiff, Beaulah Diane Stepp, slipped and fell while walking down a flight of wet steps. The defendant produced the testimony of several architects associated with the renovation of the coliseum. None of these witnesses were listed by name on the defendant's witness list. The plaintiff objected to the introduction of their testimony. The defendant countered that the witnesses had been generally listed as "employees and representatives of Ross-Newman Associates." The trial court allowed their testimony, which was the defendant's only evidence regarding the substantive issue of the trial.

Plaintiff argues that the trial court abused its discretion by allowing the defendant to produce, without cause, five expert witnesses who were not specifically disclosed until the time of trial. We agree.

The first subissue of this argument is: What are the applicable court rules?

The Revised Judicature Act provides:

> Practice and procedure in the court of claims shall be in accordance with the statutes and court rules prescribing the practice in the circuit courts of this state, except as herein otherwise provided. The supreme court shall have power to make special rules for said court. [MCL 600.6422; MSA 27A.6422.]

The rules of the Court of Claims similarly provide:

> The practice and procedure of this court shall be

in accordance with the rules prescribing the practice and procedure in the circuit courts of this state, except as provided in P.A. 1939, No. 135, as amended. [Rule 4, Rules of the Court of Claims.]

This Court has previously held that principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). A well-established rule of construction holds that words should be given their ordinary meanings, and if a statute is clear, it must be assumed that the Legislature intended the plainly expressed meaning. *Bailey v DAIIE,* 143 Mich App 223, 225; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986), and cases cited therein.

Prior decisions have held that the General Court Rules apply to proceedings in the Court of Claims. *Greenfield Construction Co v Dep't of State Highways,* 402 Mich 172, 228-229; 261 NW2d 718 (1978)(concurring opinion of LEVIN, J.) However, no prior decision has specifically held that local court rules apply to the Court of Claims proceedings. Applying the principles stated above, we find that "the rules prescribing the practice and procedure in the circuit courts of this state" include both the General Court Rules and the local court rules of the particular circuit.

The General Court Rules in effect during the trial provided:

Notice of pretrial conference shall be forwarded by the court to all counsel of record at least 6 weeks prior to the date of such conference. Within 10 days after receipt of such notice, counsel shall exchange lists of all witnesses to be called at the trial. No witness may be called at the trial of the case unless listed in such exchange of witnesses,

except by leave granted upon a showing of good cause. [GCR 1963, 301.10.]

The local court rules of Wayne County provide:

Witness Lists. On or before 18 months after the filing of the case, counsel for all parties shall exchange lists of all witnesses to be called at the trial, including experts, who shall be so designated. An unlisted witness may not be called at the trial, except as the court orders for good cause shown or as permitted by paragraphs (e) and (f). [WCCR 301.3(d).]

Paragraphs (e) and (f) of the local rule deal only with amended pleadings and are therefore inapplicable to this matter.

The second subissue is whether defendant complied with the court rules through its general description by category, although it did not name the witnesses specifically. Witness lists are an element of discovery. The ultimate objective of pretrial discovery is to make available to all parties, in advance of trial, all relevant facts which might be admitted into evidence at trial. *Wilson v Saginaw Circuit Judge,* 370 Mich 404, 410; 122 NW2d 57 (1963). Pretrial discovery enhances the possibility of settlement, thereby preserving judicial resources. Those purposes are poorly served by allowing a party to comply by a general description of a category when the party is able to give specific names fairly easily. Further, although a party may object to a lack of specificity, the discovery motion entailed would encourage intransigence and delay with the ultimate effect of further burdening the lower courts. We find that the defendant's general disclosure did not comply with the requirements of the rule.

A failure to comply with the disclosure requirements of GCR 1963, 301 and WCCR 301.3(d) does not, however, entirely preclude the witnesses from testifying. Both rules allow undisclosed witnesses to testify upon a showing of good cause. It has been held that the matter rests within the discretion of the trial court, *Hayes-Albion Corp v Kuberski*, 421 Mich 170, 188; 364 NW2d 609 (1984). This Court may only reverse upon a finding that the trial court abused its discretion. *Elmore v Ellis*, 115 Mich App 609, 613-614; 321 NW2d 744 (1982).

Here, the trial court's ruling was an exercise of discretion. However, the court apparently misunderstood the legal basis for doing so, resulting in an incorrect conclusion that was violative of logic and, therefore, an abuse of discretion. The trial court erroneously assumed that the plaintiff bore the burden of moving for a more specific witness list. That assumption led the trial court to mistakenly conclude that the plaintiff was at least partially at fault and therefore that the plaintiff should fairly bear a portion of the burden of the late disclosure. Thus, the trial court wrongly impaired the plaintiff's presentation of her case by allowing only a very limited time for discovery and no time in which plaintiff might produce rebuttal witnesses. Furthermore, the trial court gave no consideration to the nature of the testimony which would be introduced through the defendant's undisclosed witnesses. Significantly, the defendant virtually built its entire case upon undisclosed witnesses. The result was exactly what discovery is intended to avoid, trial by surprise.

Reversed and remanded for retrial.

M. J. KELLY, P.J., concurs in result only.