GRUBOR ENTERPRISES, INC v KORTIDIS

Docket No. 137955. Submitted December 16, 1992, at Detroit. Decided
    October 4, 1993, at 9:05 A.M.

Grubor Enterprises, Inc., brought an action in the Wayne Circuit
    Court against Constantine Kortidis, alleging breach of a con-
    tract and fraud. The action was filed in August 1988, but the
    plaintiff did not file its witness list until November 6, 1990, and
    did not move to admit it until December 19, 1990. The court,
    James R. Chylinski, J., denied the motion on January 4, 1991,
    three days before the scheduled trial. On January 7, 1991, the
    court, Thomas J. Foley, J., ruled that Judge Chylinski's order
    barred the calling of any witnesses, including the parties, and
    entered an order dismissing the action with prejudice, citing
    the fact that the case had been pending since August 1988. The
    court then denied the plaintiff's motion to set aside the order of
    dismissal and to reinstate the claim. The plaintiff appealed.

The Court of Appeals *held*:

1. A trial court has discretion to allow parties to testify once
a witness list is stricken or barred from being filed. In exercis-
ing its discretion, the court should determine whether a party
can prove the elements of its position solely on the basis of the
parties' testimony and any other documentary evidence. If not,
the action should be dismissed.

2. The trial court did not abuse its discretion in refusing to
allow the plaintiff's representatives to testify. To do so would
have opened the door to circumvention of the discovery rule by
corporate plaintiffs.

3. The trial court did not abuse its discretion in refusing to
allow the defendant to testify. The plaintiff did not show that it
would be able to prove its case solely on the basis of the
defendant's testimony if the plaintiff's representatives and
rebuttal witnesses were barred from testifying. Allowing undis-

REFERENCES

Am Jur 2d, Witnesses §§ 51-54, 60, 61.
See ALR Index under Disclosure; Discovery; Discretion of Court;
    Witnesses.

closed rebuttal witnesses to testify would have negated the discovery sanction imposed.

4. The court did not abuse its discretion in dismissing the action with prejudice.

Affirmed.

Murphy, J., dissenting, stated that the trial court abused its discretion in barring the plaintiff from calling the parties as witnesses and dismissing the action. Although the court had the authority to sanction the plaintiff in the manner that it did, it inappropriately exercised its discretion by imposing the sanction without first considering factors relevant to the determination of an appropriate sanction other than the fact that the case had been pending since August 1988. The trial court's order dismissing the action should be reversed and the case remanded.

Trial — Witnesses — Witness Lists.

Trial courts have discretion to allow parties to testify once a witness list is stricken or barred from being filed; in exercising that discretion, a court should determine whether the party can prove the elements of its position solely on the basis of the parties' testimony and any other documentary evidence; if not, the action should be dismissed.

*Patricia M. Cooper,* for the plaintiff.

*Victor J. Martin, P.C.* (by *Victor J. Martin*), for the defendant.

Before: Jansen, P.J., and Murphy and Marilyn Kelly, JJ.

Marilyn Kelly, J. Plaintiff appeals as of right from an order of the Wayne Circuit Court dismissing with prejudice its action for breach of contract and fraud. On appeal, plaintiff argues that, notwithstanding its failure to file a witness list, it should have been allowed to testify on its own behalf and to call defendant as an adverse witness. It asserts, also, that the trial court erred in dismissing the action based solely on the fact that another circuit court judge refused to admit its witness list. We affirm.

The instant action was filed in August, 1988. The case was reassigned to different judges on several occasions. Judge James Chylinski held a settlement conference on September 24, 1990. The settlement conference worksheet contained notations in the judge's handwriting indicating the absence of a witness list. Plaintiff filed its first witness list on November 6, 1990. Plaintiff did not move to admit it until December 19, 1990.

Judge Chylinski denied plaintiff's motion to admit the witness list on Friday, January 4, 1991. His decision was based in part on the long delay in filing it and the fact that trial was scheduled for the following Monday. His only comment regarding the parties' ability to testify at trial absent a witness list was his question to plaintiff's counsel: "How could you call anyone except the defendant?"

Defendant subsequently filed a motion to dismiss with prejudice, arguing that plaintiff was unable to call any witnesses as a result of Judge Chylinski's order. At the January 7, 1991 hearing before Judge Thomas Foley, plaintiff argued that Judge Chylinski's order did not bar calling the parties. Judge Foley disagreed. He dismissed the case with prejudice; the case had been pending since August, 1988, and any problems plaintiff had resulted from its own doing.

Plaintiff moved to set aside the order of dismissal and to reinstate the claim. Plaintiff's original counsel appeared and described an in-chambers meeting he had had with Judge Chylinski and defense counsel after Judge Foley's dismissal. Allegedly, Judge Chylinski never intended to deny plaintiff a trial. Defense counsel admitted that, absent a witness list, Judge Chylinski probably would have allowed the parties to be called as witnesses. Judge Foley denied plaintiff's motion.

He recognized that plaintiff was a corporation. He reasoned that to permit this plaintiff to testify through its agents would allow any corporate plaintiff to "call a thousand witnesses" without ever filing a witness list.

I

Plaintiff argues that, even if it could not file a witness list, it should be allowed to call the parties as witnesses. By local court rule, an unlisted witness may not be called at trial, except as the court orders for good cause shown. Wayne Circuit LCR 2.301. In this case, the parties were named on plaintiff's witness list. However, they are considered "unlisted witnesses," because Judge Chylinski denied plaintiff's request to file its list belatedly.

Witness lists are an element of discovery. *Stepp v Dep't of Natural Resources,* 157 Mich App 774, 778; 404 NW2d 665 (1987). The ultimate objective of pretrial discovery is to make available to all parties, in advance of trial, all relevant facts which might be admitted into evidence at trial. *Id.* The purpose of witness lists is to avoid "trial by surprise." *Id.,* 779.

We agree that legitimate reasons may exist permitting parties to testify at trial even if no witness list has been filed. First, the parties are the original adversaries and are generally known to each other from the outset. This should prevent the element of surprise occurring when unlisted witnesses are called to testify. See *Stepp, supra.* Second, disallowing the parties to testify when the witness list is stricken or prevented from being filed is the equivalent of a dismissal. Allowing a trial court to routinely dismiss an action whenever a witness list is stricken appears inconsistent with the various discretionary discovery sanction op-

tions available to it. See *Houston v Southwest Detroit Hosp,* 166 Mich App 623, 627-629; 420 NW2d 835 (1987). Refusing to allow witness lists to be filed and granting a dismissal are separate discovery sanction options. *Id.,* 629.

We hold that the trial court has discretion to allow parties to testify once the witness list is stricken or barred from being filed. In exercising its discretion, the trial court should determine whether the party can prove the elements of its position based solely on the parties' testimony and any other documentary evidence. If not, the action should be dismissed.

In this case, the trial court refused to allow any individual representing the corporation to testify. When the plaintiff is a corporation, any number of individuals could testify on its behalf. We conclude that the trial court did not abuse its discretion in refusing to allow plaintiff's representatives from testifying. To do so would have opened the door to circumvention of the discovery rule by corporate plaintiffs. When the plaintiff is an individual, the defendant knows from the face of the complaint the identity of the testifying plaintiff. This is not so when the plaintiff is a corporation.

Defendant asserts that, if defendant testified, plaintiff could call rebuttal witnesses to impeach the testimony. See *Pastrick v General Telephone Co,* 162 Mich App 243, 246; 412 NW2d 279 (1987). In *Pastrick,* a panel of this Court indicated that an undisclosed witness may testify on rebuttal if the opposing party is not prejudiced by it. However, *Pastrick* is distinguishable from this case. Here, the circuit court specifically barred the filing of the witness list as a discovery sanction. Allowing undisclosed rebuttal witnesses to testify under these facts would negate the sanction imposed.

We find that the trial court did not abuse its

discretion in disallowing defendant from testifying. Plaintiff has not shown that it would be able to prove its case based solely on defendant's testimony, if plaintiff's representatives and rebuttal witnesses were barred from testifying.

II

We also conclude that the trial court did not abuse its discretion in dismissing this action with prejudice. MCR 2.504(B)(3). The complaint was filed in August, 1988. Plaintiff did not move to file a late witness list until December 19, 1990. The hearing on that motion was held three days before the scheduled trial date. Due to the age of the case and plaintiff's extended failure to file a witness list, we find no error warranting reversal.

Affirmed.

JANSEN, P.J., concurred.

MURPHY, J. *(dissenting).* I would reverse the order of the circuit court dismissing plaintiff's action with prejudice and remand for a determination of the proper sanction considering the options available and considering the circumstances of this case. I therefore dissent.

Plaintiff filed this action in August 1988. Defendant filed his answer on October 5, 1988. The case was subsequently assigned to various judges. The record does not indicate that any pretrial scheduling order was issued. In July 1989, plaintiff moved to compel defendant's answers to plaintiff's interrogatories and request for document production. Defendant eventually answered plaintiff's interrogatories in September 1989, and the motion to compel was dismissed. The case was mediated in February 1990, and a settlement conference was held on September 24, 1990. The settlement con-

ference worksheet contains notations, apparently written by the presiding judge, indicating the absence of a witness list and that plaintiff's counsel had stated that she was trying to prepare a final pretrial order but that defendant was not cooperating.

Plaintiff filed its witness list on November 6, 1990, and moved to admit the witness list on December 19, 1990. Plaintiff also prepared and filed a "joint" pretrial statement, apparently without the assistance of defendant. The circuit court denied plaintiff's motion to admit the belatedly filed witness list. Defendant then moved to dismiss the action with prejudice, arguing that plaintiff was unable to call any witnesses as a result of the circuit court's order. After a hearing on the motion, the circuit court held that the previous ruling disallowing plaintiff's witness list barred plaintiff from calling any witnesses, including the parties. The circuit court then dismissed the action with prejudice, reasoning that the case had been pending since August 1988. The circuit court denied plaintiff's motion to set aside the order of dismissal.

I agree with plaintiff's contention that in this case, the circuit court abused its discretion by barring plaintiff from calling the parties and dismissing the action. At the time of this litigation, MCR 2.301(A) provided that absent a scheduling order, discovery ended one year after the filing of the defendant's answer.[1] In addition, Wayne Cir-

---

[1] MCR 2.301 has since been amended, effective October 1, 1991. In addition, although not in effect at the time relevant to this case, MCR 2.401, amended effective October 1, 1991, now provides, in pertinent part:

　(I) Witness Lists.

　(1) No later than the time directed by the court under subrule (B)(2)(a), the parties shall file and serve witness lists.

　. . .

cuit LCR 2.301 applies in this case and provides, in pertinent part:

> Unless the court orders otherwise pursuant to a status conference or for good cause shown, counsel for all parties shall exchange lists of all witnesses to be called at the trial not later than two months before the date set for completion of discovery. This list shall include experts, who shall be so designated. An unlisted witness may not be called at trial, except as the court orders for good cause shown.

Generally, where a party fails to comply with discovery rules, the trial court has within its discretion the authority to dismiss the action. *Houston v Southwest Detroit Hosp,* 166 Mich App 623, 628; 420 NW2d 835 (1987). There is also some authority that an appropriate sanction for failure to name a defendant as a witness is precluding the plaintiff from calling the defendant, at least as an expert witness. *Moy v Detroit Receiving Hosp,* 169 Mich App 600, 607; 426 NW2d 722 (1988); *Beattie v Firnschild,* 152 Mich App 785, 793-794; 394 NW2d 107 (1986). Thus, the circuit court in this case had the authority to sanction plaintiff in the manner it did.

We review discovery sanctions to determine whether the trial court abused its discretion in exercising this authority. *Dean v Tucker,* 182 Mich App 27, 32; 451 NW2d 571 (1990). Although it is within the authority of the trial court to bar a witness or dismiss an action as a sanction for failure to file timely a witness list, this action is discretionary rather than mandatory and, there-

\* \* \*

(2) The court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown.

fore, necessitates the trial court's considering the circumstances of the case to determine the appropriate sanction. *In re Forfeiture of $1,159,420,* 194 Mich App 134, 144; 486 NW2d 326 (1992); *Dean, supra;* see also *Middleton v Margulis,* 162 Mich App 218, 223; 412 NW2d 268 (1987). When determining an appropriate sanction, the factors for consideration by the trial court include (1) whether the violation was wilful or accidental, (2) that party's history of refusing to comply with discovery requests or disclosure of witnesses, (3) prejudice to the defendant, (4) actual notice to the defendant and the length of that notice, (5) the party's history of intentional delay, if any, (6) the party's compliance with the orders of the court, (7) the party's attempt to cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. *Dean, supra,* 32-33.

In this case, the record reflects that the only factor considered by the trial court was that the case had been pending since August 1988. Reviewing the record, there is no evidence that plaintiff's delay was wilful, and plaintiff did attempt to cure the oversight by filing the witness list, albeit belatedly. By contrast, defendant apparently never provided plaintiff with a witness list. Further, there was no showing that defendant was prejudiced by plaintiff's late witness list, filed approximately two months before trial. These factors are considered valid reasons to not impose the severe sanction imposed in this case. See *In re Forfeiture of $1,159,420, supra.* In addition, although this case was pending since August 1988, the causes for the delay bear consideration. The record reflects that defendant failed to respond timely to plaintiff's interrogatories, necessitating plaintiff's motion to compel. Defendant also apparently failed to cooperate with plaintiff in the preparation of the

"joint" pretrial statement required by the circuit court. Thus, although we do not condone plaintiff's failure to file timely its witness list, the slow pace of the litigation cannot be attributed solely to this factor.

I would therefore hold that the circuit court inappropriately exercised its discretion when it imposed the sanction of barring plaintiff from calling the parties as witnesses and dismissing the case without first considering the relevant factors and without considering whether a less severe sanction would have been appropriate. I would further hold that after reviewing the record and considering the relevant factors, the sanction imposed was an abuse of the circuit court's discretion. I would therefore reverse and remand.