# STATE OF MICHIGAN

# COURT OF APPEALS

SURGICAL INSTITUTE OF MICHIGAN, L.L.C.,

        Plaintiff-Appellee,

and

LISA PHILLIPS,

        Plaintiff,

and

OAKLAND PHYSICIANS MEDICAL CENTER, L.L.C., SUMMIT MEDICAL GROUP, P.L.L.C., and UNIVERSAL REHABILITATION SERVICES, INC.,

        Intervening Plaintiffs,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 321778
Wayne Circuit Court
LC No. 11-010703-NF

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff Surgical Institute of Michigan, L.L.C. (SIM), filed this action to recover no-fault personal injury protection (PIP) benefits from defendant, State Farm Mutual Automobile Insurance Company, for medical services that SIM provided to plaintiff Lisa Phillips for injuries arising from a motor vehicle accident. SIM sought recovery of $40,055, but the jury awarded it only $20,000, and the trial court entered a judgment in that amount, plus taxable costs, attorney fees, and statutory interest. Defendant appeals as of right, and we affirm.

In its sole issue on appeal, defendant argues that the trial court erred in denying its motion in limine to exclude the de bene esse deposition of SIM's billing expert, Rebecca

-1-

Overton, regarding SIM's bill for medical services, and allowing the deposition to be introduced at the February 2014 trial. Defendant argues that the de bene esse deposition should have been excluded because Overton was not listed as a witness in SIM's witness list filed before the due date under the trial court's scheduling order. Defendant asserts that it did not learn of plaintiff's intent to introduce Overton's testimony until plaintiff filed a proposed joint final pretrial order that defendant received shortly before the de bene deposition was taken on January 30, 2014.

A de bene esse deposition, as distinguished from a discovery deposition, is generally taken to preserve testimony. See *Dykes v Williams Beaumont Hosp*, 246 Mich App 471, 475 n 5; 633 NW2d 440 (2001). MCR 2.301(C) states, "After the time for completion of discovery, a deposition of a witness taken solely for the purpose of preservation of testimony may be taken at any time before commencement of trial without leave of the court." Depositions are admissible only as provided by the Michigan Rules of Evidence. MCR 2.308(A).

A witness list is an element of discovery that serves to avoid trials by surprise. *Grubor Enterprises v Kortidis*, 201 Mich App 625, 628; 506 NW2d 614 (1993). Under MCR 2.401(I)(1), the parties must file and serve witness lists in accordance with the trial court's scheduling order. The witness list must identify whether the witness is an expert and the field of expertise. MCR 2.401(I)(1)(b). "The court may order that any witness not listed in accordance with [the] rule will be prohibited from testifying at trial except for good cause shown." MCR 2.401(2).

We review for an abuse of discretion a trial court's decision to bar a witness's testimony based on problems with a witness list. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010). Similarly, a trial court's decision regarding a motion in limine is reviewed for an abuse of discretion, *People v Vansickle*, 303 Mich App 111, 117; 842 NW2d 289 (2013), as is a trial court's evidentiary decision to admit a deposition at trial, *Lomardo v Lombardo*, 202 Mich App 151, 154; 507 NW2d 788 (1993). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Duray Dev, LLC*, 288 Mich App at 162.

Because Overton was not disclosed on SIM's witness list, the decision whether to allow her testimony was within the trial court's discretion upon a showing of good cause. MCR 2.401(I)(2); *Duray Dev, LLC*, 288 Mich App at 162-163; *Stepp v Dep't of Natural Resources*, 157 Mich App 774, 779; 404 NW2d 665 (1987). Although "good cause" is not defined in MCR 2.401(I)(2), "'[g]ood cause' simply means a 'satisfactory,' 'sound or valid' 'reason' . . . ." *People v Buie*, 491 Mich 294, 319; 817 NW2d 33 (2012), quoting *Random House Webster's College Dictionary* (1997); see also *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 264; 833 NW2d 331 (2013). It is within the trial court's authority to sanction a party who fails to follow a scheduling order by excluding a witness's testimony. *Duray Dev, LLC*, 288 Mich App at 164. If disallowing the witness would result in a sanction equivalent to dismissal, a trial court should carefully consider the factors involved and all of its options in the context of the particular case before it. *Id*. at 164-166. Relevant factors in determining an appropriate discovery sanction include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses);

(3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990) (citations omitted).]

Although the trial court did not expressly address "good cause," its decision was based on appropriate considerations, including the fact that the reasonableness of SIM's bill would be a necessary issue if the jury rejected defendant's primary defense that the medical services were not related to an injury suffered by Phillips in her automobile accident.[1] "Trial courts should not be reluctant to allow unlisted witnesses to testify when the interest of justice so requires." *Elmore v Ellis*, 115 Mich App 609, 613; 321 NW2d 744 (1982).

It is also apparent that the trial court considered appropriate factors in determining that precluding Overton's de bene esse deposition would not be an appropriate sanction for SIM's untimely disclosure of Overton and that a jury instruction could instead be crafted to address the prejudice to defendant caused by SIM's delay. Contrary to defendant's argument, the trial court did not make inherently inconsistent remarks regarding whether SIM's delay in disclosing Overton was prejudicial. Examined in context, the trial court was, simply, going through its thought process orally during the hearing. The court at first mentioned prejudice and then seemed to reason that the prejudice was lessened because defendant's attorney was able to cross-examine Overton and learn about the billing matters during the deposition and before trial.[2] Ultimately, however, the court acknowledged prejudice but decided that a curative instruction would sufficiently address the issue. The trial court clearly noted, when crafting the jury instruction with the participation of both parties, that SIM's delay was somewhat disadvantageous and prejudicial. While the court's instruction did not provide for any presumption in favor of defendant, we reject defendant's argument that it had "hollow meaning." Rather, as suggested in defendant's closing argument, the instruction invited the jury to scrutinize the factual basis of Overton's last-minute opinion, which was offered by SIM to

---

[1] The trial court noted that defendant had had the bill in its possession but "just didn't know who was going to be testifying."

[2] The trial court's wording was somewhat unclear, but in saying to defendant, "now you know exactly what they're gonna say," the court seemed to be suggesting that having the de bene esse deposition was somewhat better than having Overton show up at the last minute to testify in person at trial, perhaps because it gave defendant more time to prepare arguments. It is also possible that the court mistakenly believed, at that point, that Overton was going to testify in person at trial. Indeed, the court later stated that it would "allow Overton to *testify* or read or however you're going to do this . . . ." (Emphasis added). At any rate, the trial court continued through its reasoning process and ultimately concluded that there was some prejudice to defendant in allowing the deposition to be admitted but that it could be cured with a jury instruction.

establish the reasonableness of its charges. The trial court instructed the jury that Overton was a "newly identified witness" by SIM and, as a result, defendant did not have the ability to learn what she would say. The trial court also instructed the jury that defendant "clearly is at a disadvantage by this delay." Defendant then used this instruction during its closing argument to argue that the delay affected its ability to discover information regarding the charges.

Considering all relevant factors, we conclude that the trial court did not abuse its discretion in allowing Overton's de bene esse deposition. The trial court's decision was within the range of principled outcomes.

Affirmed.


/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause