# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES H. HELD and NICHOLE HELD,

        Plaintiffs-Appellants,

v

GUSOLINE ALLEY, INC., d/b/a GUSOLINE
ALLEY,

        Defendant-Appellee.

UNPUBLISHED
May 26, 2015

No. 320072
Oakland Circuit Court
LC No. 2013-132791-NO

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order denying their motion for relief from judgment. The trial court had earlier granted plaintiffs' motion for voluntary dismissal without prejudice, MCR 2.504(A), with respect to plaintiffs' premises liability action against defendant. But the dismissal ruling had also provided that any future suit filed by plaintiffs against defendant would be subject to a previous court decision striking plaintiffs' witness and exhibit lists that were not timely filed under the court's scheduling order. We reverse and remand for further proceedings.

Plaintiff James Held alleged that on January 26, 2013, he suffered an injury when he slipped and fell on a thin sheet of ice when exiting defendant's bar. Held and his wife Nichole Held, as plaintiffs, filed their suit against defendant in the Oakland Circuit Court on March 13, 2013. Plaintiffs were represented by an attorney, and counsel e-filed the complaint. At the time of this e-filing, counsel failed to register his e-mail address with the trial court as a "service contact."[1] In an affidavit filed by plaintiffs' counsel later in the suit, he averred:

---

[1] Pursuant to § 6(a) ("Service") of Administrative Order No. 2007-3, 494 Mich lix (2013) (extending AO 2007-3 through June 30, 2015, with respect to Oakland Circuit Court's e-filing pilot project):

> All parties shall register with the court and opposing parties one e-mail address with the functionality required for the pilot program, through Tyler Odyssey File and Serve. All service shall originate from this registered e-mail address.

-1-

On March 13, 2013, Plaintiffs' counsel e-filed this case with [the] Oakland County Circuit Court. This e-filing was accepted by . . . [the court]. Unbeknownst to Plaintiffs' counsel, when the case was e-filed, Plaintiffs' counsel's e-filer did not click on the correct button, and Plaintiffs' counsel was not "attached" to the case as an official "service contact." No one from [the] Oakland County Circuit Court contacted me to advise me of this fact. I did not discover until December 26, 2013[,] that I was not added as a service contact on this case.

Defendant e-filed its answer to the complaint on April 8, 2013. Plaintiffs' counsel indicated in his affidavit that he was able to open and view documents e-filed by defendant in the case because, as explained to plaintiffs' counsel by court personnel, "[d]efendant had been manually adding [counsel] as a service contact."[2]

On May 28, 2013, the trial court prepared, issued, and e-filed a scheduling order in which it directed, in part, that the parties exchange and file witness and exhibit lists no later than August 30, 2013.[3] The scheduling order also provided that discovery was to be completed by September 24, 2013, that dispositive motions were to be filed by October 18, 2013, that case evaluation was to take place in October 2013, and that the case had a trial date of February 6, 2014. Plaintiffs' attorney averred in his affidavit that he was not served with the scheduling order at the time, given that he was not listed as a "service contact" with the court. He further asserted that he was never served, by e-mail or otherwise, with the scheduling order. Plaintiffs' counsel claimed that, in light of the fact that he did not receive the scheduling order, he was unaware of the filing deadlines, including the one for the witness and exhibit lists.

On August 30, 2013, in compliance with the scheduling order, defendant filed and served its witness and exhibit lists; plaintiffs did not and were thus in violation of the scheduling order. On September 20, 2013, defendant e-filed a motion to extend the dates previously set in the scheduling order for discovery, case evaluation, and trial, noting that defense counsel was in the process of transferring the case to a new attorney. Considering the affidavit executed by plaintiffs' counsel, and according to a proof of service, defendant's motion was served on plaintiffs' counsel by e-mail. Defendant e-filed a notice of hearing with respect to its motion, with the motion being scheduled for hearing on October 2, 2013, and the notice was served on plaintiffs' counsel by e-mail. Before that hearing, on September 27, 2013, a stipulation and order for substitution of defense counsel was e-filed and entered (stipulation was between prior

---

As implemented under the authority of AO 2007-3, policy rules of the Oakland Circuit Court warn litigants that judges issue opinions and orders electronically, that all "[a]ll filers must register as a Service Contact through Odyssey File and Serve," and that "[i]f you fail to register, you will **not** receive copies of orders issued by the Court." Oakland Circuit Court, Notice of Mandatory E-Filing (emphasis in original).

[2] Plaintiffs' attorney averred, "I received documents e-filed by defense counsel on this case[.]"

[3] There was no scheduling or pretrial conference that precipitated entry of the scheduling order, nor was such a conference required. MCR 2.401(B)(2).

and new defense counsel). The stipulated order indicated that "[a]ll dates in the scheduling order shall remain in effect." There is no proof of service in the record regarding the stipulation and order, and it is simply unclear whether plaintiffs' counsel ever observed the stipulation and order.

On October 2, 2013, a hearing was apparently held on defendant's motion to extend the dates for discovery, case evaluation, and trial.[4] The trial court entered an order extending two dates, changing the case evaluation date to November 29, 2013, and moving the discovery cut-off date to November 29 to coincide with the case evaluation date; the trial court left the existing trial date in place. According to the affidavit of plaintiffs' attorney, and as conveyed to him by court personnel, on October 16, 2013, counsel was officially added as a "service contact" on the case for purposes of the court's e-filing system, although counsel himself did not become aware of this fact until December 26, 2013. On October 17, 2013, the court received for filing plaintiffs' witness list, but no exhibit list was forthcoming.[5] Plaintiffs' counsel averred in his affidavit that he "did not know the witness list was tardy" and that he "**simply did not know about the witness deadline because he never saw the scheduling order**." (Emphasis in original.)

On November 13, 2013, defendant filed a motion for leave to file a dispositive motion, as the deadline for dispositive motions set forth in the scheduling order had elapsed. Defendant claimed that plaintiffs' depositions had been conducted prior to the new discovery deadline and that the depositions provided defendant with "a strong factual basis upon which to file a dispositive motion." In response to defendant's motion, plaintiffs admitted that defendant had previously filed a motion to extend dates, which we again note was heard by the trial court on October 2, 2013, and that the court had "wisely declined to postpone the 10/18/13 dispositive motion deadline."[6] The trial court denied defendant's motion at a hearing on November 20, 2013. Plaintiffs had not yet filed an exhibit list. On November 21, 2013, defendant filed a motion to strike plaintiffs' witness list and any exhibit list should plaintiffs ever file one. The basis for the motion was noncompliance with the deadlines in the scheduling order. In plaintiffs' response to the motion, plaintiffs' counsel indicated that he had never seen the scheduling order and thus did not know about the deadlines. As gleaned from the affidavit of plaintiffs' counsel, he had not yet discovered the glitch concerning the "service contact" failure. Plaintiffs also

---

[4] There is no transcript of a hearing contained in the record, but the resulting order on defendant's motion suggests that a hearing was indeed conducted.

[5] Although the record is not entirely clear on the matter, we surmise that in e-filing plaintiffs' witness list, plaintiffs' counsel, without realizing it, registered his firm as a "service contact" with respect to the case. A proof of service prepared by counsel himself provided, "I hereby certify that on today's date, October 16, 2013, I electronically filed the foregoing paper [witness list] with the Clerk of the Court using the electronic filing system, which will send notification of such filing." This would explain why on October 16, 2013, plaintiffs' counsel's e-mail address became registered as a service contact in the case. We note that the witness list was not technically received by the court for filing until October 17, 2013.

[6] This is the deadline for dispositive motions set forth in the scheduling order.

argued that every witness on plaintiffs' witness list appeared on defendant's witness list, that all of plaintiffs' witnesses, except for one, had been identified by plaintiffs in answers to interrogatories back in April 2013, and that defendant, given these circumstances, was not surprised or unfairly prejudiced by the late filing. Plaintiffs pointed out that defendant and plaintiffs, without objection, had conducted numerous depositions of witnesses, including depositions of both plaintiffs, who were on the "tardy" witness list and after expiration of the deadline.

A hearing on defendant's motion to strike was held on December 4, 2013. Late in the day on December 3, 2013, plaintiffs' counsel submitted an exhibit list, which was not received for filing by the court until December 4, 2013. At the hearing, when plaintiffs' counsel argued that there was no surprise or prejudice given the interrogatory answers and the names already identified on defendant's witness list, the trial court remarked, "That's not the standard." The trial court was especially angered by the last minute filing of the exhibit list before the hearing, stating that it reflected counsel's awareness of the failure to comply with the scheduling order, reflected that the untimely filing of the witness list was not an isolated incident, and reflected "a pattern." The trial court granted the motion and struck both the witness and exhibit lists.

On December 11, 2013, plaintiffs filed a motion for voluntary dismissal without prejudice under MCR 2.504(A). A hearing on the motion was held on December 18, 2013. At the hearing, the trial court ruled from the bench as follows:

> This motion now to dismiss voluntarily comes on the heels of the Court's previous ruling. I grant the motion to dismiss; however, any and all orders that this Court entered in the current case will attach to any future filed case by the Plaintiff[s], inclusive of the Court's granting of the motion to strike the witness and exhibit lists, because I'm satisfied that this motion to dismiss is an effort to circumvent the Court's ruling as it relates to striking the witness and exhibit lists, and I will not allow the Plaintiff[s] to do so. So the motion is granted, with the condition attached that any future pleading or complaint filed, this Court's previous orders follow any new filing.

The record does not show that the trial court's ruling was reduced to a written order, and on December 31, 2013, plaintiffs filed a motion under MCR 2.612 for relief from judgment as to the trial court's ruling. The motion, which attached the affidavit of plaintiffs' counsel that we have referred to throughout this opinion, focused on the e-filing issue and the claimed inadvertent failure to register counsel's e-mail address as a service contact. Plaintiffs also attached various computer-generated "service details" in regard to the case and the court's e-filing system. These service details indicated that two employees of the law firm representing defendant at the time, one of whom was defense counsel, had opened the May 2013 e-filed scheduling order, but not plaintiffs' counsel. In the affidavit of plaintiffs' counsel, he averred that the court's e-filer, who was responsible for the e-filing and e-service of the scheduling order as reflected in the service details, informed counsel "that she had not served [counsel] with the scheduling order" because he was not registered as a service contact at the time. Citing MCR 2.612(C)(1)(a) ("Mistake, inadvertence, surprise, or excusable neglect"), and claiming a lack of prejudice, plaintiffs asked the trial court to set aside its earlier ruling striking the witness and

exhibit lists, as well as the previous ruling dismissing the lawsuit with the attachment of conditions to any new action.

On January 8, 2014, the trial court held a hearing on plaintiffs' motion for relief from judgment. The trial court admonished plaintiffs' counsel, as an attorney who practiced in the Oakland County Circuit Court, for failing to comply with the e-filing registration requirement, noting that filers are warned that they will not receive copies of court orders if they fail to register their e-mail address as a service contact. The trial court indicated that "[n]either the Court nor the county clerk provide[s] free copies of opinions, orders, or other electronically filed documents to an attorney or party who fails to properly register with the Odyssey File & Serve application." The trial court proceeded to question plaintiffs' counsel in regard to the computer-generated service details, which indicated that numerous filings had been e-mailed to and opened by counsel's office and that, according to the court, showed that someone on plaintiffs' behalf had opened the e-file or e-mail with respect to the court-originated scheduling order. Counsel was baffled and explained to the court, "I don't know how to open something and look at a scheduling order . . . ." We note that, as indicated above, the various e-filings that had indeed been opened via plaintiffs' counsel's e-mail address had been e-mailed to counsel as the result of defendant manually adding counsel as a service contact as to *defendant's court e-filings*. But the scheduling order originated from the trial court, not defendant's counsel. And the trial court's reference to someone on plaintiffs' behalf opening the e-mail revealing the scheduling order was simply inaccurate, where it was actually a second person from the law firm representing defendant who had opened it after defense counsel himself had earlier opened the e-mail.[7]

The trial court next indicated that plaintiffs' motion was more accurately coined a motion for reconsideration and that plaintiffs' counsel acknowledged being aware of the registration requirement and simply failed to comply. The trial court then immediately concluded his ruling, stating:

> However, as the Court noted, upon reviewing the history for service details and pleadings in this case, it appears that while no firm was specified to receive documents filed, that each – in each instance when a document was e-served that someone related to counsel's client opened the pleadings on each occasion that they were filed.

At this point, a discussion ensued regarding the fact that no order had been entered on the trial court's previous ruling. The trial court then signed a hastily-drafted, handwritten order that denied plaintiffs' motion for relief from judgment and which further provided:

---

[7] Upon examination of the service-detail records, the scheduling order was opened on the date it was e-filed under the e-mail address of the particular defense attorney representing defendant at the time. And on the following day, the e-filed scheduling order was opened under an e-mail address with the same e-mail extension as defense counsel and in the name of a person who throughout a portion of the litigation was identified as serving documents to plaintiffs on behalf of defendant; we assume this was a secretary or paralegal employed by the firm representing defendant.

It is further ordered that this case is dismissed without prejudice & costs on the condition that all dates specified in the May 28, 2013 scheduling order and also the December 4, 2013 order striking Pl's witness & exhibit lists shall apply to any subsequently filed lawsuits. This is a final order and disposes [of] all claims and parties.

Plaintiffs appealed as of right. On appeal, plaintiffs argue that the trial court erred in striking their witness and exhibit lists, and in subsequently imposing a sanction for plaintiffs' failure to timely file those lists, which forever precluded plaintiffs from introducing evidence in support of their claims. Plaintiffs contend that the failure to file the witness and exhibit lists was due solely to an inadvertent and unintentional mistake, rather than willfulness, that there was no demonstrable prejudice to defendant, and that there had been no history in the case of a failure to comply with discovery requests and court orders.

We find it necessary to first construct the proper analytical framework for purposes of addressing this appeal. MCR 2.401 governs scheduling orders, which can encompass the setting of deadlines for the exchange and filing of witness and exhibit lists, MCR 2.401(B)(2)(a). And under MCR 2.401(I)(2), a trial court "may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown."[8] While MCR 2.401 does not expressly address exhibit lists, a trial court certainly also has the discretion to strike an exhibit list that is not filed in conformance with a scheduling order. See *EDI Holdings, LLC v Lear Corp*, 469 Mich 1021; 683 NW2d 146 (2004) (trial court did not abuse its discretion when it enforced a summary disposition scheduling order); see also MCR 2.313(B)(2)(b) (court has the authority to prohibit the introduction of matters into evidence for discovery violations).[9] Considering that a plaintiff in a civil action has the burden of proof, there can be no reasonable dispute that when a plaintiff's witness and exhibit lists are struck, thereby precluding testimony and the introduction of evidence, the plaintiff's action is doomed and unsustainable. See *Duray Dev, LLC v Perrin,* 288 Mich App 143, 164; 792 NW2d 749 (2010) ("Disallowing a party to call witnesses can be a severe punishment, equivalent to a dismissal."); *Grubor Enterprises, Inc v*

---

[8] We note that MCR 2.401(I)(1) provides in part:

No later than the time directed by the court under subrule (B)(2)(a), the parties shall file and serve witness lists. The witness list must include:

(a) the name of each witness, and the witness' address, if known; however, records custodians whose testimony would be limited to providing the foundation for the admission of records may be identified generally;

(b) whether the witness is an expert, and the field of expertise.

[9] Exhibit and witness lists are an element of discovery. *Grubor Enterprises, Inc v Kortidis*, 201 Mich App 625, 628; 506 NW2d 614 (1993).

*Kortidis*, 201 Mich App 625, 628; 506 NW2d 614 (1993) ("[D]isallowing the parties to testify when the witness list is stricken or prevented from being filed is the equivalent of a dismissal.").

We confidently assume that had plaintiff here not swiftly filed the motion for voluntary dismissal following entry of the order striking the witness and exhibit lists, defendant would certainly have filed a motion for involuntary or summary dismissal. The trial court's order striking plaintiffs' witness and exhibit lists had the practical effect of dismissing their lawsuit. And the subsequent ruling expressly dismissing plaintiffs' action, while flowing from plaintiffs' motion for voluntary dismissal, was truly in the nature of an involuntary dismissal. See MCR 2.504(B)(1) ("If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action or claims."). Moreover, for the reasons stated above, although the dismissal was deemed to be "without prejudice," the dismissal was effectively "with prejudice," in light of the fact that any future action by plaintiffs would be saddled with the condition that they could not present the testimony of witnesses, nor introduce exhibits, at trial, necessarily leading to dismissal of any suit on a theory comparable to res judicata or collateral estoppel. In sum, the proper analysis requires treating the trial court's rulings as having resulted in an involuntary dismissal with prejudice, with the ultimate question being whether the trial court erred in striking the witness and exhibit lists.

"This Court reviews for an abuse of discretion a trial court's decision to bar witness testimony after a party has failed to timely submit a witness list." *Duray Dev*, 288 Mich App at 162. We note that the language of MCR 2.401(I)(2) indicating that a court "*may* order" (emphasis added) the preclusion of a witness's testimony supports the imposition of the abuse-of-discretion standard. And an abuse of discretion exists when a trial court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006). We see no reason to conclude that a trial court's decision to strike an exhibit list implicates a different standard of review; therefore, we likewise apply the abuse of discretion standard to the court's decision to strike the exhibit list. See *EDI Holdings*, 469 Mich at 1021. In the context of this case, the trial court essentially sanctioned plaintiffs by striking the witness and exhibit lists, and in doing so the court made some underlying factual findings with respect to the conduct of plaintiffs' counsel, which findings we review for clear error. MCR 2.613(C) ("Findings of fact by the trial court may not be set aside unless clearly erroneous."); *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen*, 465 Mich at 661-662.

The language of MCR 2.401(I)(2) indicates that a trial court may contemplate striking a witness list for violation of its scheduling order, "except upon good cause shown" for the noncompliance. Accordingly, the first step in the analysis is to examine whether there was "good cause" for plaintiffs' failure to comply with the scheduling order, which, if established, would require reversal, and, if not established, would require examination of whether the decision to impose sanctions nevertheless constituted an abuse of discretion under the circumstances. The trial court did not find acceptable or excusable the failure by plaintiffs' counsel to register his e-mail address as a service contact, which led to the service failure. We do note that while we understand and appreciate the rule implemented by the Oakland Circuit

Court under the authority of AO 2007-3 that a party must register an e-mail address as a service contact or else the party will not be served with court orders, it would seem that when it comes to something as important as a scheduling order, the court's e-filer might as a courtesy, if at all feasible and conducive to the system, simply contact counsel to make him or her aware of any registration failure. Plaintiffs' complaint listed the e-mail address, phone number, and business address of counsel. That said, we do agree with the trial court that counsel had an obligation to know and comply with the court's rules on e-filing. We also note that although the deadline for filing the witness and exhibit lists had already passed at the end of August 2013, plaintiffs' counsel in late September 2013 and early October 2013 did not appear to make any inquiries to the court about any scheduling order or rush to file the lists despite having knowledge of defendant's motion *to extend deadlines* and the resulting ruling. We conclude that plaintiffs have not shown "good cause" for failing to comply with the scheduling order with respect to the deadline for filing and exchanging witness and exhibit lists. And plaintiffs do not appear to even argue that "good cause" existed for the noncompliance. Rather, plaintiffs' argument is focused on the claim that the sanction, effectively a dismissal of plaintiffs' suit with prejudice, was not proper in light of all of the circumstances and the lack of prejudice to defendant.

Moving to the issue regarding whether the trial court abused its discretion in striking the witness and exhibit lists and in effectively dismissing plaintiffs' suit with prejudice, we first note an underlying factual error made by the trial court, alluded to above, that the e-filed scheduling order had been opened by someone on plaintiffs' behalf. For the reasons discussed earlier, this finding was clearly erroneous, where it was two members of the law firm representing defendant that had opened e-mails pertaining to the scheduling order, or someone with access to their e-mail accounts, and not anyone on plaintiffs' behalf. Further, the trial court appeared to place a great emphasis on its mistaken finding in rendering its decision, which in and of itself mandates reversal. Additionally, the trial court did not undertake the required analysis discussed in *Duray Dev*, wherein this Court observed:

> Once a party has failed to file a witness list in accordance with the scheduling order, it is within the trial court's discretion to impose sanctions against that party. These sanctions may preclude the party from calling witnesses. Disallowing a party to call witnesses can be a severe punishment, equivalent to a dismissal. But that . . . does not mean that . . . a trial court cannot impose such a sanction even if it is equivalent to a dismissal. Because the decision is within the trial court's discretion, caselaw mandates that the trial court consider "the circumstances of each case to determine if such a drastic sanction is appropriate." "[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." Relevant factors can include, but are not limited to,
>
> > "(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order;

-8-

(7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive."

. . .

Here, the record does not reflect that the trial court gave consideration to these factors or considered all of its options in determining what sanction was just and proper in the context of the case before it. Therefore, on remand the trial court should reassess [the] request to testify, taking the above-mentioned factors into consideration and explaining its determination on the record. [*Duray Dev*, 164-166 (citations omitted; initial two alterations in original).]

Here, given the trial court's erroneous factual finding regarding who opened the e-filed scheduling order, and given the trial court's failure to give consideration, let alone careful consideration, to the factors set forth in *Duray Dev*, we reverse and remand for further proceedings. Just as ordered in *Duray Dev*, we direct the trial court to consider the relevant factors and to explain its ultimate ruling on the record.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.


/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola

-9-