*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER MORRIS,

       Plaintiff-Appellant,

v

ST. CLAIR ORTHOPAEDICS & SPORTS
MEDICINE, PC, and GLENN MINSTER, M.D.,

       Defendants-Appellees.

UNPUBLISHED
September 19, 2024

No. 367109
Wayne Circuit Court
LC No. 21-016798-NH

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff, Jennifer Morris (plaintiff), appeals as of right, the order granting summary disposition in favor of defendants, St. Clair Orthopaedics & Sports Medicine, PC (SC Orthopaedics), and Glenn Minster, MD (Dr. Minster). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 6, 2021, plaintiff filed a complaint alleging she suffered from back pain in 2019 and treated with defendants. As a result of the pain, plaintiff, then 46 years old, underwent a computed tomography (CT) scan on her pelvis on February 28, 2019. Additionally, on February 10, 2019, plaintiff had a magnetic resonance imaging (MRI) scan on her lumbar spine. The MRI scan results revealed disc bulging and narrowing. Plaintiff reported that she had a history of low back pain that radiated into her legs, causing numbness and weakness, and she did not receive relief through other means, causing her to seek operative decompression and fusion. Because of the inability to manage her pain, plaintiff had surgery on June 7, 2019, performed by defendant Dr. Minster, an orthopedic spine surgeon. Post-operation, plaintiff experienced significant pain radiating into her left leg, and medication did not provide pain relief. A CT scan disclosed that fixation screws were protruding. Plaintiff sought surgical intervention, and defendant Dr. Minster recommended hardware removal at L5-S1 on the left side. Yet, plaintiff did not receive relief after the surgery occurred on July 27, 2019. Plaintiff asserted that her pain medications caused her to suffer from a bowel perforation which required additional surgery, a temporary colostomy, and reversal surgery. Plaintiff alleged negligence against defendant

Dr. Minster (count I), identifying the breaches of the standard of care as including: (a) correct use of neuromonitoring;[1] (b) timely addressing patient complaints and surgical complications; (c) timely investigation of post-operative complaints; and (d) other acts and omissions as uncovered in discovery. In essence, plaintiff claimed that there was a failure to timely investigate and address plaintiff's pain complaints following the surgery. Plaintiff alleged vicarious liability (count II) against defendant SC Orthopaedics, contending that defendant Dr. Minster was its employee or agent. Therefore, it was allegedly vicariously liable for Dr. Minster's negligent acts and omissions. Plaintiff claimed that these defendants were responsible for her damages which exceeded $25,000.

With the complaint, plaintiff submitted an affidavit of merit from Dr. Peter G. Whang, a board-certified orthopedic surgeon licensed to practice in Connecticut. Dr. Whang averred that he reviewed plaintiff's hospital medical records and opined that defendant Dr. Minster breached the standard of care as set forth in the complaint.

On April 13, 2023, plaintiff filed a motion for leave to amend the witness list. Plaintiff noted that this medical malpractice action supported by Dr. Whang's affidavit was initially assigned the track one scheduling order but was adjourned by the parties' stipulation to track two. And, the court adjourned the scheduling order again on January 17, 2023, which required the exchange of witnesses by February 1, 2023. During Dr. Whang's deposition on the last day before discovery closed, he identified that the timing of the CT scan breached the standard of care. But, the timeframe Dr. Whang cited did not comport with plaintiff's theory of the case. Rather, plaintiff's theory concluded that there was a five-week delay in pursuing the hardware removal, not two weeks as Dr. Whang concluded upon review of the entire medical record. Plaintiff's counsel sought to replace plaintiff's expert in light of Dr. Whang's deposition testimony, but the witness list deadline had passed. Plaintiff asked defense counsel to stipulate to extend the timeframe to file the witness list. When defense counsel did not receive a response from defendants about the stipulation, plaintiff moved for leave to amend the witness list.

Plaintiff contended that, under MCR 2.401(I), the trial court may direct the time for filing and serving witness lists, and the court may order that a witness cannot testify except upon good cause shown. Plaintiff acknowledged that both the decision to allow an expert witness and to grant an adjournment were discretionary. And, the trial court could deny a plaintiff's request for leave where the facts involved multiple requests for continuances, failure to exercise due diligence, and "lack of injustice to the movant." In the present case, plaintiff claimed that there was a prior adjournment but noted that the medical malpractice action had not been pending for 18 months. The parties had recently completed case evaluation, and a trial date was not scheduled. If the motion were granted, plaintiff would present her expert for deposition within a short timeframe. The additional expert would not add new legal theories. And, plaintiff asserted that she exercised due diligence by seeking a stipulation to add a new expert upon learning one was necessary. When the stipulation was not forthcoming, plaintiff filed the formal motion. Plaintiff claimed that defendants would not be prejudiced by permitting an amendment to the witness list to replace

---

[1] On February 28, 2023, the parties stipulated to dismiss plaintiff's claim addressing neuromonitoring after receipt of the pertinent medical records.

Dr. Whang. But, plaintiff alleged that she would be prejudiced by a denial because the change in Dr. Whang's testimony addressed the issue of damages.

On April 19, 2023, defendants filed their response in opposition to plaintiff's motion for leave. Defendants alleged that, during Dr. Whang's deposition, he noted that he did not have the complete medical records when preparing his affidavit of merit. After receipt of those records, Dr. Whang purportedly abandoned all criticisms of defendants' treatment of plaintiff. Additionally, defendants claimed that they had to make numerous requests to take Dr. Whang's deposition, first on December 29, 2022, a renewed request on January 17, 2023, and again on February 14, 2023. Dr. Whang was not produced for deposition until March 31, 2023, the last day of discovery. And, the case evaluation occurred on April 3, 2023. Accordingly, discovery was now closed, and the case evaluation completed.

Defendants asserted that the trial court should not exercise its discretion and allow the addition of an expert witness or an adjournment because good cause could not be established. Plaintiff presented an affidavit of merit from an expert who rendered standard of care criticism without reviewing the available medical records. Additionally, plaintiff merely relied on a single standard of care expert and did not produce the expert until the close of discovery and just prior to case evaluation. Defendants claimed that "[p]laintiff's lack of a standard of care expert to bring her case to the jury is not a reason for the court to reopen discovery." Accordingly, defendants requested that the trial court deny the motion to amend her witness list. Alternatively, if the trial court granted the motion, defendants asked that the amendment be limited to the addition of a single standard of care expert, that the expert be added within 14 days, and that defendants be entitled to depose the expert within 21 days of the filing of the amended witness list. If plaintiff's new expert failed to identify a breach of the standard of care by defendant Dr. Minster, defendants requested that the case be dismissed with prejudice.

On April 26, 2023, the trial court heard oral argument addressing plaintiff's motion for leave to amend the witness list. The parties argued their positions as reflected in their written pleadings. The trial court denied the motion for leave to amend, ultimately adopting defendants' arguments. The trial court determined that plaintiff failed to meet her burden of demonstrating good cause and prejudice. The court noted that case evaluation was conducted and the cost of Dr. Whang's deposition incurred. There was no rationale offered to explain the disparity between Dr. Whang's opinion as set forth in his affidavit of merit and his deposition testimony. And, Dr. Whang was not deposed until the last date for discovery.

On May 8, 2023, defendants filed a motion for summary disposition under MCR 2.116(C)(10) for plaintiff's failure to support a breach of the standard of care. Specifically, plaintiff filed her medical malpractice action, claiming that defendant Dr. Minster failed to timely address her post-operative surgery complaints and ongoing neurological problems in her left leg. In a medical malpractice action, expert testimony was required to establish the standard of care, breach thereof, and proximate causation. Although Dr. Whang submitted an affidavit of merit, identifying breaches of the standard of care by defendant Dr. Minster, defendants alleged that he did not identify any such breach during his deposition. That is, when questioned about medical malpractice, Dr. Whang stated that nothing came to mind at that time. In light of plaintiff's failure to support her claim with standard of care testimony, defendants contended that summary disposition was warranted.

On May 18, 2023, plaintiff moved for reconsideration of the order denying plaintiff's motion for leave to amend her witness list. Plaintiff alleged that the trial court should reconsider its decision to deny leave to amend the witness list because: Dr. Whang changed his opinion during the deposition; defendants failed to show prejudice; the time and money expended on Dr. Whang's deposition was not prejudicial; plaintiff was prejudiced by the change in opinion; plaintiff exercised due diligence by seeking to amend the witness list after Dr. Whang's deposition; neither party accepted the case evaluation thereby not altering the status of the matter; and defendants moved for summary disposition premised on Dr. Whang's deposition opinion, thereby causing plaintiff prejudice. Because plaintiff asserted and demonstrated good cause in the denial of an amendment, she alleged that the trial court abused its discretion and should grant reconsideration.

On June 8, 2023, plaintiff filed a response in opposition to defendants' motion for summary disposition, contending that summary disposition was improper because Dr. Whang opined that the CT scan should have been obtained on June 27, 2019, and defendants did not obtain the CT scan until July 11, 2019. Furthermore, there had been a substantial breakdown in the relationship between plaintiff and Dr. Whang because he elected to withdraw as plaintiff's expert. Therefore, plaintiff renewed her request to amend her witness list to add a new expert. In her responsive brief, however, plaintiff acknowledged that defendants were entitled to summary disposition because Dr. Whang withdrew as an expert from the case. Accordingly, plaintiff renewed her request for leave to amend the witness list to add a new expert and to grant reconsideration in lieu of deciding the dispositive motion.

On June 14, 2023, defendants filed a reply brief in support of summary disposition. Defendants asserted that plaintiff failed to rebut defendants' claim that she could not support her medical malpractice action with standard of care testimony. Although plaintiff alleged that Dr. Whang's deposition contained sufficient standard of care testimony to survive summary disposition, Dr. Whang failed to articulate standard of care criticism in his deposition. Dr. Whang explained the disparity between his affidavit of merit and his opinion during the deposition – it was because the medical records were incomplete at the time of his review. And, in response to defendants' motion for summary disposition, plaintiff needed to produce documentary evidence to establish a genuine issue of material fact. Plaintiff's recitation of allegations in the complaint and pledge to retain a new expert was insufficient to prevent the grant of summary disposition. Because plaintiff failed to rebut the merits of the dispositive motion, she tacitly agreed with the dismissal.

On June 22, 2023, the trial court heard oral argument addressing the motions for reconsideration and summary disposition. The trial court denied the motion for reconsideration, citing the prejudice and monetary expenditures to defendants in light of the posture of the case for the last 18 months. And it concluded that plaintiff failed to establish good cause. The trial court granted defendants' motion for summary disposition determining that Dr. Whang's testimony did not create a genuine issue of material fact regarding a breach of the standard of care. Moreover, plaintiff, in her response brief, acknowledged that summary disposition was appropriate because Dr. Whang withdrew as an expert from the case.

## II. ANALYSIS

### A. MOTION FOR LEAVE TO AMEND WITNESS LIST

Plaintiff first asserts that that the trial court abused its discretion by denying the motion for leave to amend the expert witness list. We disagree.

Witness lists constitute a part of discovery. *Grubor Enterprises, Inc v Kortidis*, 201 Mich App 625, 628; 506 NW2d 614 (1993) (citation omitted). The primary objective for engaging in pretrial discovery is to "make available to all parties, in advance of trial, all relevant facts which might be admitted into evidence at trial." *Id*. Witness lists are designed to avoid "trial by surprise." *Id*. (quotation marks and citation omitted). The trial court's decision to deny a request for leave to add an expert witness is reviewed for an abuse of discretion. *Cox v Hartman*, 322 Mich App 292, 312; 911 NW2d 219 (2017) (citation omitted). An abuse of discretion occurs if the decision is outside the range of principled outcomes. *Id*.

The construction and interpretation of the court rules also presents an issue reviewed de novo. *Associated Builders & Contractors of Mich v Dep't of Technology, Management, & Budget*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363601), slip op at 2. The use of the term "shall" denotes mandatory, not discretionary action. *Yachcik v Yachcik*, 319 Mich App 24, 36; 900 NW2d 113 (2017) (citation omitted). MCR 2.401 addresses pretrial procedure and witness lists, providing in pertinent part:

> **(I) Witness Lists.**
>
> (1) No later than the time directed by the court under subrule (B)(2)(a), the parties shall file and serve witness lists. The witness list must include:
>
> > (a) the name of each witness, and the witness' address, if known; however, records custodians whose testimony would be limited to providing the foundation for the admission of records may be identified generally;
> >
> > (b) whether the witness is an expert, and the field of expertise.
>
> (2) The court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown.
>
> (3) This subrule does not prevent a party from obtaining an earlier disclosure of witness information by other discovery means as provided in these rules.

Thus, the failure to identify a witness on the list results in the exclusion of the witness from testifying at trial unless good cause is demonstrated. MCR 2.401(I)(2). Good cause "simply means a satisfactory, sound or valid reason." *Thomas M Cooley Law Sch v Doe*, 300 Mich App 245, 264; 833 NW2d 331 (2013) (quotation marks and citation omitted). The trial court has broad discretion regarding what constitutes "good cause." *Id*. (citation omitted). Plaintiff bears the burden of demonstrating good cause for the late addition of a new expert witness. *Cox*, 322 Mich App at 314.

Review of the docket entries reveals that the complaint was filed on December 6, 2021. An answer was filed on March 1, 2022. On March 14, 2022, a scheduling order issued indicating that the case was assigned to track one, with the witness list date of May 30, 2022. On March 28, 2022, the trial court signed and entered an order adopting the parties' stipulation to proceed on track two. Under track two, the witness list date was August 15, 2022. On October 6, 2022, the trial court signed an order altering the scheduled dates. The witness list date was November 1, 2022. After the defense filed a motion to adjourn the scheduling order 90 days (to which plaintiff did not object), the trial court signed an order altering the scheduling order on January 17, 2023. This order provided that the witness list exchange was February 1, 2023, the discovery cutoff was March 31, 2023, with case evaluation to occur in April 2023. Dr. Whang was produced for his deposition on March 31, 2023, the last day of discovery. Thus, the timeframe to file the witness list was extended three different times.

Plaintiff alleged that she requested a stipulation to amend the witness list on the date of Dr. Whang's deposition. Defense counsel represented that the request would be conveyed to defendants. When an answer was not received from defendants, plaintiff filed her motion to amend the witness list on April 13, 2023 (after the witness list exchange was due February 1, 2023). On April 26, 2023, the trial court heard oral argument on the motion and denied it, concluding that it did not find good cause. It noted that Dr. Whang signed his affidavit of merit on November 30, 2021, and the complaint was filed on December 6, 2021. The trial court concluded that there was no explanation for the divergence between the opinion offered in the affidavit of merit and at the deposition. Furthermore, the trial court noted that the necessity of deadlines, that deposing the expert involved financial expense, and that good cause was not established by plaintiff's failure to secure favorable testimony.

Under the circumstances, we conclude that the trial court did not abuse its discretion in denying the motion for leave to amend the witness list to add a new expert. Its decision did not fall outside the range of reasonable and principled outcomes. *Cox*, 322 Mich App at 312. Plaintiff failed to meet the burden of demonstrating good cause for the late addition of a new expert witness. *Cox*, 322 Mich App at 312. That is, plaintiff failed to demonstrate "a satisfactory, sound or valid reason," for the late addition of an expert. *Thomas M Cooley Law Sch*, 300 Mich App at 264. Plaintiff should have been aware of the information conveyed or provided to Dr. Whang and could have avoided this issue by naming an additional expert witness on her witness list from the outset or taking the deposition of Dr. Whang earlier. By waiting until the last day of discovery to depose Dr. Whang, plaintiff risked that deficiencies in her expert's testimony would fail to support the medical malpractice alleged or limit her damages (from five weeks to two weeks), and she would not have a remedy.

Moreover, we agree with defendants' contention that it was speculative whether plaintiff could secure another expert witness. In her appellate briefs, plaintiff alleged that she identified to defendants the expert as Dr. John Tydings, his board certification, and his unavailability from May 6, to May 16, 2023. However, defense counsel stated that plaintiff identified her new expert by name in the breakout session held before the parties appeared via Zoom. Defense counsel was unfamiliar with this expert, and the expert was unavailable one week such that plaintiff was going to pursue another expert. Although plaintiff had the burden of demonstrating good cause, she failed to present an affidavit from her new expert to support the breaches of the standard of care addressed in Dr. Whang's original affidavit of merit. Without such evidence, the trial court and

this Court do not have any record support for the medical malpractice action. It is noteworthy that although the parties dispute whether Dr. Whang's deposition testimony supports a limited breach of the standard of care, Dr. Whang withdrew his expert opinion. Under the circumstances, the trial court did not abuse its discretion in denying plaintiff's motion for leave to amend the witness list.

Our conclusion is buttressed by caselaw. In *Cox*, 322 Mich App at 296-297, the plaintiff alleged that the defendant Tracey McGregor, R.N., negligently assisted in the delivery of the plaintiff's minor daughter and that defendant Port Huron Hospital was vicariously liable for McGregor's negligence. After discovery, the defendants moved for summary disposition under MCR 2.116(C)(10), contending that the plaintiff's proposed nursing expert was not qualified to offer standard-of-care testimony against McGregor; therefore, the defendants were entitled to dismissal of the nursing malpractice claim. The trial court agreed and granted summary disposition on this claim. *Id*. at 297-298. The plaintiff moved for leave to name a new nursing expert and to amend the affidavit of merit addressing the nursing malpractice claim. The trial court denied this motion, and the plaintiff appealed. *Id*. at 298.

Initially, this Court determined that the nursing care expert was not qualified to testify regarding the appropriate standard of care. And therefore, the trial court properly granted summary disposition to the defendants. *Id*. at 306-307. This Court then concluded that the trial court did not abuse its discretion by denying the plaintiff's motion to add an expert witness. *Id*. at 312. First, this Court determined that the trial court did not err in concluding that the plaintiff's motion was untimely. Specifically, the plaintiff did not move to add a new expert until June 10, 2016, which was four days after the trial court entered an order granting the defendants' summary disposition motion. When the plaintiff opposed the defendants' dispositive motion, the plaintiff relied entirely on her expert's affidavit and failed to seek to add another expert at that time. Indeed, the crux of the trial court's ruling was that the plaintiff's expert was unqualified, and the plaintiff "had presented no other expert to testify concerning the standard of care." *Id*. at 312-313.

This Court also addressed the trial court's other grounds for denying the motion:

> In any event, the trial court's decision was not premised solely on the untimeliness of the motion. After concluding that the motion was untimely, the trial court went on to state that even if the motion was properly before the court, the court would deny the motion given the prejudice to [the] defendants. The trial court's decision fell within the range of principled outcomes. MCR 2.401(I)(1) provides that parties must file and serve witness lists no later than the time directed by the trial court. "The court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown." MCR 2.401(I)(2). The trial court's scheduling order required [the] plaintiff to file and serve her witness lists by March 6, 2015. Hence, [the] plaintiff's June 10, 2016 motion to add a new expert witness was filed more than one year and three months after the due date for filing and serving witness lists. It was thus [the] plaintiff's burden to demonstrate good cause for the late addition of a new expert witness. The denial of a late motion to add a witness "is proper where the movant fails to provide an adequate explanation and show that diligent efforts were made to secure the presence of the witness." *Tisbury*, 194 Mich App at 20. A court should consider whether prejudice would result from granting a motion to add an

expert witness. *Id*. at 21; *Levinson v Sklar*, 181 Mich App 693, 698-699; 449 NW2d 682 (1989). [*Cox*, 322 Mich App at 314-315.]

As in *Cox*, our plaintiff failed to explain the disparity between Dr. Whang's affidavit and his deposition testimony as well as his complete withdrawal from the litigation. Additionally, plaintiff did not delineate the diligent efforts that she made to secure Dr. Whang's opinion in accord with the affidavit. And, plaintiff failed to demonstrate good cause for the late addition of an expert. The parties obtained three extensions of the witness list and discovery cutoff dates. Despite these extensions, plaintiff did not depose Dr. Whang until the last day of discovery. The trial court did not abuse its discretion by denying plaintiff's motion for leave to amend her witness list to add a new expert.[2]

## B. SUMMARY DISPOSITION[3]

Next, plaintiff contends that the trial court erred in granting summary disposition in favor of defendants because it should have granted her motions for leave to amend and for reconsideration. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 448; 980 NW2d 119 (2021). A motion for summary disposition premised on MCR 2.116(C)(10) tests the factual sufficiency of

---

[2] Plaintiff contends that the trial court should have imposed graduated sanctions and analyzed the factors underlying the exclusion of the witness. See *Duray Development, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010); *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). This case does not involve the complete failure to file a witness list. Additionally, the plain language of MCR 2.401(I)(2) does not contain a degree of sanction contingent on the violation at issue. ("The court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown.") Instead, MCR 2.401(I)(2) requires an analysis of whether the party met their burden of showing good cause. Furthermore, a medical malpractice action differs from other types of actions. Specifically, since April 1, 1994, it requires that a party submit a notice of intent to sue, MCL 600.2912b, and obtain an affidavit of merit from an expert addressing the validity of the claim, MCL 600.2912d. In this case, plaintiff obtained an affidavit of merit from Dr. Whang in November 2021, filed the complaint on December 6, 2021, and deposed Dr. Whang on March 31, 2023, the date discovery closed. There is no indication that plaintiff consulted with Dr. Whang to ensure that additional review of plaintiff's medical records did not alter Dr. Whang's opinion. And, plaintiff could have named an additional expert witness as a precaution but did not do so. More importantly, when plaintiff filed her motion for leave to amend her witness list, she did not attach an affidavit from a new expert to support her claims of medical malpractice. Thus, it was speculative whether plaintiff could support her claim.

[3] In her statement of questions presented, plaintiff challenged the trial court's failure to grant her motion for reconsideration. But, plaintiff failed to address the merits of this issue. Therefore, this claim was abandoned. *In re Murray*, 336 Mich App 235, 260-261; 970 NW2d 372 (2021) (citation omitted).

the complaint. *Id*. at 449. The moving party must identify and support the issues to which the moving party believes there is no genuine issue of material fact, and the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted with the motion must be examined. *Id*. Once the moving party makes and supports its motion, the opposing party may not rest on mere allegations or denials in the pleadings, but must submit documentary evidence setting forth specific facts to demonstrate a genuine issue for trial. *Id*. (quotation marks and citation omitted).

Defendants made and supported their dispositive motion. In response, plaintiff conceded that defendants were entitled to summary disposition in light of Dr. Whang's withdrawal as an expert in the case. It is noteworthy that plaintiff did not submit an affidavit from another expert to validate the breaches of the standard of care as delineated in Dr. Whang's affidavit of merit. This affidavit possibly would have caused the trial court to determine that summary disposition was unwarranted because the previously expressed and withdrawn opinion by Dr. Whang was validated by another orthopedic surgeon. Plaintiff simply took no action in response to the motion for summary disposition. Under the circumstances, the trial court did not err in granting defendants' motion for summary disposition.

Affirmed.

/s/ Anica Letica
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney